## Korn v. Avis Rent-a-Car System, Inc. (No. 3)

*Herbert B. Newberg, Alan Kahn,* and *Stanley A. Uhr,* for plaintiffs.

*Harvey Bartle, III, Dennis R. Suplee, G. David Rosenblum, E. Barclay Cole, Jr.,* and *Seymour I. Toll,* for defendants.

KALISH, *J.*, June 17, 1977—

## HISTORY

In the instant petition, this court is confronted with plaintiffs' request that the order of February 10, 1977, in which defendants' motion for judgment on the pleadings was granted as to counts 1 and 2 of plaintiffs' class action complaint challenging a certain contractual provision found in defendants' automobile leasing agreements as the unlawful selling of insurance[1] be amended to include the following language:

---

1. Plaintiffs in their class action complaint attacked a certain contractual provision found in defendants' automobile lease agreements whereby lessees of automobiles are able to avoid responsibility for minor damage to rented vehicles by paying a $2 a day fee. In counts 1 and 2 of their complaint, plaintiffs challenge this practice as the unauthorized selling of insurance. In counts 3 and 4, they attack the amount of the fee as being an unconscionably high amount for the waiver of the damage. In an order and opinion dated February 10, 1977, this court granted defendants' motion for judgment on the pleadings as to counts 1 and 2 of the complaint: 8 D. & C. 3d 640.

"This order involves a controlling question of law as to which there is a substantial ground for difference of opinion, and an immediate appeal from the order may materially advance the ultimate termination of this matter."

Plaintiffs' request is made in order to expedite a potential interlocutory appeal to the Pennsylvania Superior Court[2] pursuant to section 501 (b) of the Pennsylvania Appellate Jurisdiction Act of July 31, 1970, P.L. 673, art. V, sec. 501(b), 17 P.S. §211.501(b), and Pennsylvania Rules of Appellate Procedure 1311 and 1312. It is hoped that said interlocutory appeal might be heard simultaneously with a forthcoming appeal of this court's later denial of plaintiffs' motion for class action certification as to counts 3 and 4 of the complaint.[3]

## DISCUSSION

Section 501(b) of the Pennsylvania Appellate Court Jurisdiction Act of 1970, supra, provides in pertinent part:

"When a court . . . in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall

2. Originally, following the granting of defendants' motion for judgment on the pleadings as to counts 1 and 2 of the complaint, plaintiffs filed an appeal as though from a final order with the Pennsylvania Superior Court. However, on April 7, 1977, this appeal was quashed as interlocutory.

3. Plaintiffs' motion for class action certification was denied in an order and opinion dated April 21, 1977: 8 D. & C. 3d 655. Thereafter, plaintiffs filed an appeal with the Pennsylvania Superior Court on May 19, 1977. See Bell v. Beneficial Consumer Discount Company, 465 Pa. 225, 348 A. 2d 734 (1975).

be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such order. . . ."

Defendants argue quite persuasively that neither of the above criteria are met in the present situation. First, they note that this court had little difficulty in disposing of plaintiffs' first two counts in granting their motion for judgment on the pleadings.[4] Secondly, they suggest that regardless of the outcome of either the presently filed class action appeal or the suggested interlocutory appeal, plaintiffs' other two counts must still be disposed of thus negating any possible economy of judicial time or resources.

Although this court finds merit with defendants' position, it feels, nevertheless, under the present posture of the case, that plaintiffs' request should be granted. Certainly, if plaintiffs' motion were to be considered by itself, this court would have some difficulty justifying the propriety of an interlocutory appeal. However, the context in which the present request is made cannot be ignored. Part of this case is already going to be heard by the Pennsylvania Superior Court. Because of this, it is felt that the second criteria required for interlocutory appeals–judicial economy–must be considered a dominant factor here. Accordingly, this court is of the opinion that it would serve a useful purpose to permit the appellate court to do as much with this case at this

---

4. See, opinion of February 10, 1977, supra, note 1.

point as it can and therefore grants plaintiffs' motion to amend the order of February 10, 1977.

## ORDER

And now, June 17, 1977, upon consideration of plaintiffs' motion to amend this court's order of February 10, 1977, defendants' reply thereto and oral argument, it is hereby ordered and decreed that paragraph 1 of said order is amended to add the following sentence at the end thereof:

"This order involves a controlling question of law as to which there is a substantial ground for difference of opinion, and an immediate appeal from the order may materially advance the ultimate termination of this matter."